UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 28 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| MARTIN A. ARMSTRONG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.  06 2221 |
| ) | |
| HARLEY LAPPIN, ) | |
| ) | |
| Respondent. ) | |

## TRANSFER ORDER

This matter comes before the Court on review of a *pro se* complaint and a motion to proceed *in forma pauperis*. Petitioner is incarcerated at the Metropolitan Correctional Center in New York, New York. He alleges that the Bureau of Prisons has refused to grant him credit for prior time he spent in custody pursuant to a civil contempt order.

Habeas corpus is the exclusive remedy for a federal prisoner bringing a claim that would have a "probabilistic impact" upon the duration of his custody. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988)(en banc); *see also Wilkinson v. Dotson*, 124 S.Ct. 1242, 1248 (2005)(habeas is exclusive remedy if success of an action "would necessarily demonstrate the invalidity of confinement or its duration"). If plaintiff were to succeed on his claim, it would have a direct affect on the duration of his custody.

Habeas corpus jurisdiction resides only in the district court where the prisoner is incarcerated *Padilla v. Rumsfeld*, 542 U.S. 426, 433 (2004). The warden where the petitioner resides is the custodian for purposes of habeas jurisdiction. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).

Accordingly, it is

    **ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Southern District of New York. Whether plaintiff should be permitted to proceed *in forma pauperis* is a matter to be decided by the transferee court.

                                                        /s/ Gladys Kessler
                                                  United States District Judge

DATE: Dec. 13, 2006